UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

---------------------------------------------------X
:
**Senator International,**  :     Civil Action No. 09-6178 (PGS)
:
**Plaintiff,**  :
:
:     **REPORT AND RECOMMENDATION**
v.  :
:     July 28, 2010
:
**E&L Transportation and**  :
**Warehousing, Inc., et al.,**  :
:
**Defendants.**  :
---------------------------------------------------X

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

## I. INTRODUCTION

According to the Complaint, Plaintiff, Senator International ("Senator"), and Defendants, E&L Transportation and Warehousing, Inc. ("E&L") and LAN Airlines, S.A. ("LAN", incorrectly sued herein as LAN Chile Airlines), are each "engaged in business, as a common and/or contract transportation carrier of merchandise, freight consolidator, warehouseman, and also provides drayage services." (*See* Docket Entry No. 1, the "Complaint", at ¶¶ 1-3.) While in the process of shipping goods for Super Micro Computers, Inc. from California to Brazil, the truck containing the goods was stolen after E&L's driver pulled into LAN's facility. (*See id.* at ¶¶ 6-8.) To that end, as subrogee of the owners of the goods in question and consignee of those goods, Plaintiff brings this action alleging "breaches of contract and bailment, breaches of the duty of care owed by, breaches of

warranties of workmanlike service, and negligence." (*See id.* at ¶¶ 10-12.) On February 16, 2010, Defendant E&L filed a motion to dismiss this case due to lack of subject-matter jurisdiction and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2). The Court now agrees with Defendant (and with Plaintiff's subsequent admission) that it lacks jurisdiction over E&L and presents its finding to the Hon. Peter G. Sheridan via Report and Recommendation, urging dismissal. Because this Court finds that it does not have personal jurisdiction over E&L, the Court need not reach the issue of subject-matter jurisdiction.

## II. BACKGROUND

According to the facts as plead in the Complaint, on or about November 1, 2008, cargo consisting of pallets of computers, computer equipment, and computer accessories ("Cargo") was delivered from Super Micro Computers, Inc. in San Jose, California to the Defendants for transportation to Brazil. (*See* Compl., at ¶ 6.) On or about that same date, E&L sought to deliver the Cargo by truck to a facility operated by LAN. The E&L driver parked the truck at the facility and went to inquire in LAN's office regarding where to move the truck for offloading. When he exited LAN's office, he discovered that the truck had been stolen. (*See id.* at ¶¶ 7-8.)

E&L asserts that it is a Florida corporation and conducts no business in New Jersey. *(See* Brief in Support of Motion to Dismiss for Lack of Jurisdiction Pursuant to Fed. R. Civ. Pro 12(b)(1) and 12(b)(2) ("Def. Brief") at 1-2.) The incident occurred in Miami, Florida, where E&L was hired to transport the Cargo from Senator's warehouse to LAN's facility at Miami Airport. (*See id.* at 1.) In Senator's response brief, it states, "SENATOR wrongly believed E&L had minimum jurisdictional contacts within the State of New Jersey, but has since determined that this belief was in error." (*See* Plaintiff's Reply to Defendant E&L's Motion to Dismiss ("Pla. Brief") at 1-2.)

On December 6, 2009, Plaintiff filed the instant Complaint seeking damages for the lost Cargo as subrogee of the owners and consignees of the Cargo. (*See generally* Compl.) On December 18, 2009, Defendant responded to the Complaint by filing a motion to dismiss. (*See* Docket Entry No. 16.) Defendant E&L asserts that the Court lacks both subject-matter and personal jurisdiction over E&L. (*See generally* Def. Brief.) Because this Court finds that it does not have personal jurisdiction over E&L, the Court urges that the case against E&L be dismissed.[1]

### III.   ANALYSIS

Since both Plaintiff and Defendant E&L now agree that there is no personal jurisdiction over E&L (*see* Pla. Brief at 2), there is no need to engage in a detailed analysis of the framework for personal jurisdiction. The Court agrees with the parties that E&L lacks sufficient contacts with New Jersey to support this Court's jurisdiction.

Therefore, it is hereby RECOMMENDED that Defendant E&L's Motion to Dismiss be GRANTED.

---

[1] In its response brief to the present Motion to Dismiss (*see* Pla. Brief at 2-3), Plaintiff requests that the Court transfer this action to the Federal District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631. In support of its request to transfer the case, Plaintiff states only that the injury discussed in the Complaint occurred in the Southern District of Florida and that "so as to facilitate judicial economy, and in the interests of justice, this Court should instead transfer this action." Senator does not discuss the effect of such a transfer on Defendant LAN. In fact, Plaintiff failed to even file a proper motion to transfer the case to allow LAN a chance to oppose such a transfer. The Court therefore rejects this request, noting that "[t]ransfer decisions fall to the discretion of the District Court." *Sidari v. Caesar's Pocono Resorts*, 29 Fed. Appx. 845, 847 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Sheridan that E&L's Motion to Dismiss this case due to lack of personal jurisdiction be granted. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**HON. ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**
